**IT IS ORDERED as set forth below:**

**Date: January 26, 2017**



_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RAJESH C. PATEL, | ) | CASE NO. 16-65074- LRC |
| *aka* RC PATEL, | ) | |
| *aka* RAJESH CHANDUBAI PATEL, | ) | |
| Debtor. | ) | |

### ORDER

Before the Court is the Motion for Reconsideration of Order Quashing Subpoenas (the "Motion"), filed by RL BB-GA RMH, LLC ("Movant").

### Procedural History

On August 30, 2016, Rajesh C. Patel ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Code"). On November 4, 2016, Movant filed a Notice of Subpoenas regarding sixteen subpoenas sent to various individuals and

1

entities (the "Sixteen Subpoenas") (Doc. 19).  Prior to a hearing on the Motion, Movant had not requested a Rule 2004 examination of Debtor or any other entity; nor had Movant filed an adversary proceeding or contested matter related to the Sixteen Subpoenas.[1]  Debtor filed his Motion to Quash the Sixteen Subpoenas on November 15, 2016 (Doc. 22).  Hall H2 Atlanta, LLC ("Hall H2") and State Bank and Trust Company also each filed a Motion to Quash shortly thereafter (Doc. 28 and Doc. 31, respectively).  On the morning of the scheduled hearing, Rishi Patel and Hasmita Patel jointly filed a Motion to Quash (Doc. 47).

On December 2, 2016, the Court quashed the Sixteen Subpoenas.  Both at the hearing and in its Motion to Quash, Hall H2 argued that, where no adversary proceeding or contested matter is pending, a party may not issue a subpoena out of a bankruptcy case without first seeking and obtaining an order authorizing examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rules").

The Court agreed and granted Hall H2's Motion to Quash.  In doing so, the Court considered the plain language of Federal Rule of Civil Procedure 45 (the "Federal Rules").  Federal Rule 45 permits a party to issue a subpoena and states that "[a] subpoena must issue from the court where the action is pending."  Fed. R. Civ. P. 45(a)(2).  Rule 9002 defines "action" as "an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter."  Fed. R. Bankr. P. 9002(1).  As Movant had not

---

[1] Movant initiated an unrelated adversary proceeding against Debtor, certain other individuals, and Carnegie Hotel Manager, LLC (AP No. 16-05307) (Doc. 20) on November 8, 2016.  Movant did not issue the Sixteen Subpoenas in that adversary proceeding.

2

initiated an adversary proceeding or contested matter to which the Sixteen Subpoenas related and had not sought and been granted a Rule 2004 examination, the Court determined that the subpoena issued against Hall H2 was not properly issued under Rule 9016 and should be quashed. *See Application of Royal Bank of Canada*, 33 F.R.D. 296 (1963) (quashing subpoena issued because no "action" was pending). As this defect also applied equally to each of the other Sixteen Subpoenas, the Court issued an oral ruling, *sua sponte* quashing the remainder of the Sixteen Subpoenas on that basis only.[2] On December 2, 2016, Movant filed the Motion.[3] On December 6, 2016, the Court entered its Order quashing the Sixteen Subpoenas (the "Order") (Doc. 54).

## Legal Standard for Motions to Reconsider

Movant asks the Court to reconsider the Order. Rule 9023 makes applicable Federal Rule 59 in cases under the Code. Although Federal Rule 59(e) permits a court to alter or amend an order or judgment, it "'may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n.5 (2008) (citing 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1, pp. 127-128 (2nd ed. 1995)). For this reason, Bankruptcy Local Rule 9023-1 provides that "[m]otions for reconsideration

---

[2] In its response to Debtor's Motion to Quash, Movant argued that Debtor lacked standing to object to the Sixteen Subpoenas, which were issued to parties other than the Debtor, on the basis of undue burden and scope. The Court agreed with Movant that Debtor lacked standing to object on those grounds. A party may only move to quash a subpoena issued against a third party if that party is seeking to protect a personal privilege or right. *Windsor v. Martindale*, 175 F.R.D. 665 (D. Colo. 1997). Absent that, a court cannot quash a subpoena sent to a non-party on the motion of a party. *Id*. Accordingly, the Court acknowledges that, because Debtor did not assert that the documents to be produced are privileged or otherwise contain private or confidential matter, Debtor lacked standing to move the Court to quash the Sixteen Subpoenas.

[3] On January 20, 2017, Movant filed a motion for authorization of Rule 2004 examination and for permission to issue subpoenas.

3

shall not be filed as a matter of routine practice. [And should only be filed] [w]henever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment." BLR 9023-1 (Bankr. N.D. Ga.).

To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. A 'manifest error' is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). It is not demonstrated merely because the losing party is disappointed. *See In re Murff*, 2016 WL 5118280, *2 (Bankr. N.D. Ga. Sept. 16, 2016) (Hagenau, J.).

## Discussion

Movant's sole basis for seeking reconsideration is its contention that the Court's quashing of the Sixteen Subpoenas resulted from a manifest error of law. Movant asserts that the Court misinterpreted Rule 9016 and failed to follow controlling precedent that establishes the permissibility of Movant's issuance of the Sixteen Subpoenas outside of a related adversary proceeding or contested matter and without an order authorizing a Rule 2004 examination. To the contrary, there is no controlling precedent in the Eleventh Circuit.

The Court based its ruling on the plain language of Federal Rule 45 and Rules 9002(1), 9016, and 2004. Rule 9016 provides that Federal Rule 45 applies in "cases under the Code." Fed. R. Bankr. P. 9016. Federal Rule 45, in turn, permits a "party" to obtain a subpoena commanding the production of documents. Fed. R. Bankr. P.

4

9016; Fed. R. Civ. P. 45(a)(1)(C); 45(a)(3). Federal Rule 45(a)(2) requires that every subpoena must "issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). Under Federal Rule 45(a)(2), therefore, there must be an "action" pending in order for a subpoena to be issued. *See Application of Royal Bank of Canada*, 33 F.R.D. 296 (1963).

Rule 9002 provides that certain words used in the Federal Rules have specific meanings when a Federal Rule is made applicable to "cases under the Code," unless that meaning "is inconsistent with the context." Fed. R. Bankr. P. 9002. Relevant to this issue, Rule 9002(1) defines the word "action" to mean "an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter." Fed. R. Bankr. P. 9002(1).

Thus, when reading Federal Rule 45 in a bankruptcy case, the Court substitutes "adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter" for the word "action." Accordingly, a subpoena must issue from the court where the adversary proceeding, contested petition, or proceedings to vacate an order for relief or to determine any other contested matter is pending.

There is an exception. When no proceedings are yet pending in a bankruptcy case, Rule 2004 provides a discovery tool for parties in interest to gather information from "any entity" about the "acts, conduct, or property" or the "liabilities and financial condition of the debtor," or regarding the "administration of the debtor's estate" or the

5

"debtor's right to a discharge." Fed. R. Bankr. P. 2004(a). Even in the absence of an adversary proceeding or contested matter, a party in interest may move the Court for an examination and, pursuant to Rule 2004(c), such party in interest may compel the attendance and production of documents as provided in Rule 9016 (*i.e.*, through Federal Rule 45). Fed. R. Bankr. P. 2004(c). Therefore, under a plain reading of Federal Rule 45 and Rules 9002(1), 9016, and 2004, to obtain a subpoena for production of documents, a party in interest must either be a party to an adversary proceeding, contested petition, or contested matter, or, when there is no litigation pending, have obtained a Rule 2004 order.

Movant argues that the Rule 9002(1) definition should not be applied to define "action" for purposes of Federal Rule 45 because defining "action" as provided in Rule 9002(1) is "inconsistent with the context." According to Movant, Rule 9016 makes Federal Rule 45 applicable in "cases under the Code," which signals the intent that Federal Rule 45 applies in the bankruptcy case in general, regardless of whether any disputed issues are being litigated in an adversary proceeding or contested matter.

The Court notes that Rule 9002 gives no guidance as to whether the "context" the Court is supposed to consider is the context of the Rule incorporating the Federal Rule, the context of the Federal Rule being incorporated by the Rule, or both. If the context to be analyzed is the context of the Rule being incorporated, defining "action" to include only adversary proceedings or contested matters is consistent with the context of Federal Rule 45. Federal Rule 45 addresses the use of the subpoena power once litigation has

6

commenced. It does not allow parties to use the subpoena power to gather information to determine whether they should file a lawsuit. Rather, if a party in interest has a legitimate need to perpetuate testimony prior to filing suit, the party in interest must file a verified petition in the district court and obtain an order authorizing the examination. Fed. R. Civ. P. 27.

If the Court should also consider whether the definition is consistent with the context of the Rule incorporating the Federal Rule, the Court rejects Movant's argument that the Rule 9002(1) definition of "action" is not consistent with the context of Rule 9016. Movant essentially argues that, by making Federal Rule 45 applicable in "cases under the Code," the drafters of Rule 9016 intended to somehow trump the very definition included in Rule 9002 that is to apply to "cases under the Code." This interpretation makes little sense. In Part IX of the Rules, eleven Rules incorporate a Federal Rule that contains the word "action." [4] All of these Rules use the same language as Rule 9016—the Federal Rule "applies in cases under the Code" or "applies in cases and proceedings." It is a stretch to suggest that a specific definition of "action" was included, but never intended to apply in eleven of the Rules that would otherwise be affected. Surely a more direct approach would have been taken if that had been the intent.

In short, the Court rejects Movant's argument that Rule 9016 made Federal Rule 45 applicable in "cases under the Code" with the intention of permitting the issuance of a

---

[4] *See* Fed. R. Bankr. P. 9005, 9005.1, 9015, 9016, 9017, 9022, 9023, 9024, 9026, 9028, and 9029. Rule 9031 states that Federal Rule 53 "does not apply in cases under the Code."

7

subpoena when no dispute or litigation is pending and no order authorizing a Rule 2004 examination has been entered. Interpreting Rule 9016 to allow interested parties to have the unfettered, unilateral right to engage in pre-litigation discovery without moving for an examination under Rule 2004 would seem to render Rule 2004 itself unnecessary.

Contrary to Movant's argument, the Court's interpretation is consistent with the context of both Federal Rule 45 and Rule 9016. It is also consistent with the Court's understanding of general practice and the common understanding of courts and commentators as to how and when a subpoena may issue when no litigation is pending in the bankruptcy case. *See In re Hickman*, 151 B.R. 125 (Bankr. N.D. Ohio 1993) ("Although a subpoena issued by the clerk under seal is sufficient to compel the attendance of witnesses under Rule 2004, it must be preceded by an order of court allowing the Rule 2004 Examination to commence. The subpoena issued by Plaintiff in this case is not equivalent to the motion contemplated in Rule 2004(a)."); *Polo Bldg Group, Inc. v. Rakita (In re Shubov)*, 253 B.R. 540 (B.A.P. 9th Cir. 2000) (upholding sanctions awarded against an attorney who issued a subpoena and prosecuted a motion to compel "with knowledge that [the subpoena] was not tied to an action as to which [the creditor] had standing and with knowledge that it was not tied to any legitimate discovery"); Drake, Bonapfel, & Goodman, Chapter 13 Practice and Procedure § 23:9 ("Under [Federal Rule] 45, a subpoena may also require the production of designated documents . . . in an adversary proceeding or contested matter. . . . A party in interest in a bankruptcy case may also obtain testimony and the production of documents from any person under Bankruptcy Rule 2004, even if no litigation is pending. *When the court*

8

*orders an examination or the production of documents under Rule 2004,* a subpoena may be issued and served 'as provided in Rule 9016' . . . to compel a person other than the debtor to appear and testify at the Rule 2004 examination and to produce documents.").

None of the parties have cited, nor has the court found, any controlling precedent on this issue.[5] Therefore, the Court considered persuasive authority and *dicta* that support the Court's reading of the plain language of the Rules and Federal Rules. Contrary to Movant's argument, it was not manifest error for the Court to do so. *See City of Birmingham Ret. & Relief Sys. v. Metlife, Inc.*, 2015 U.S. Dist. LEXIS 94776, *12 n.5 (Bankr. N.D. Ala. Mar. 31, 2015) (acknowledging that the court was relying on "'considered' *dictum*" and exploring the history of reliance on *dicta*, particularly Supreme Court *dicta*, in the Eleventh Circuit); *Medical Educ. & Health Servs. v. Independent Municipality of Mayagiez (In re Medical Educ. & Health Servs.)*, 2015 Bankr. LEXIS 479 *17-18 (Bankr. D.P.R. Feb. 12, 2015) (rejecting the argument that its reliance on *dictum* constituted manifest error because "courts often, quite properly, give considerable weight to dictum – particularly to dictum that seems considered as opposed to casual"); *Am. Gen. Fin., Inc. v. Paschen (In re Paschen)*, 296 F.3d 1203, 1209 (11th Cir. 2002) (agreeing with the "great weight of persuasive authority" that "§ 1322(c)(2) permits the modification of claims").

---

[5] Movant argues that *In re Symington*, 209 B.R. 678 (1997), is controlling precedent and stands for the proposition that Federal Rule 45 applies in "adversary proceedings, contested matters, contested or involuntary petitions, Rule 2004 examinations, and all other matters in a bankruptcy case in which testimony may be compelled." First, as a bankruptcy court decision from the District of Maryland, it is not binding on the Court. Second, in *Symington*, a motion for production of documents pursuant to Rule 2004 had been filed, and the issue before the court was not whether or not Federal Rule 45 applied in the absence of a Rule 2004 examination order.

9

In addition to the cases relied upon by the Court at the hearing, the Court finds further support for its ruling in *Shubov*. There, the Bankruptcy Appellate Panel for the Ninth Circuit upheld sanctions awarded by the bankruptcy court against an attorney who issued a subpoena and prosecuted a motion to compel "with knowledge that [the subpoena] was not tied to an action as to which [the creditor] had standing and with knowledge that it was not tied to any legitimate discovery." *Shubov*, 253 B.R. at 544 The creditor in *Shubov* issued subpoenas under Federal Rule 45 to a third party seeking bank account records of an individual and three corporations that the creditor suspected of hiding the debtor's assets. Just as here, the creditor did not obtain "court permission for an examination under [Rule] 2004. [The creditor] was not party to any adversary proceeding or contested matter with respect to which the subpoena was within the scope of discovery under [Federal Rule] 26(b)." *Id.* at 543. Under facts strikingly similar to those in this case, the *Shubhov* court found sufficient "subpoena abuse" to warrant sanctions against the creditor for filing a motion to compel compliance with subpoenas that the court stated should never have been issued. *Id.* at 544. Here, the Court has merely quashed the subpoenas and required Movant to take the step of obtaining an order authorizing a Rule 2004 examination.

Movant acknowledges that Rule 2004 permits and governs the ability of an interested party to issue subpoenas when no "action" is pending in the bankruptcy case, but argues that neither Rule 2004 nor Bankruptcy Local Rule 2004-1 requires Movant to first seek and obtain an order authorizing examination under Rule 2004 before issuing a subpoena for documents. In other words, Movant asserts that a motion and order

10

authorizing a Rule 2004 examination is required only when an entity is to be examined and not when an entity is subpoenaed to produce documents. In support of this argument, Movant relies upon *In re Subpoena Duces Tecum*, 461 B.R. 823 (Bankr. C.D. Cal. 2011).

In *In re Subpoena Duces Tecum*, a California bankruptcy court considered whether a motion and order for a 2004 examination were necessary before a subpoena could issue under Local Bankruptcy Rule 2004-1(b) for the District of New Jersey (the "N.J. Local Rule"). At that time, the N.J. Local Rule provided that

> Any party in interest seeking to compel an examination or production of documents shall serve a subpoena pursuant to [Rule] 2004(c) without filing a motion or obtaining an order authorizing such examination or document production.

D.N.J. LBR 2004-1(b). [6] The court determined that, under the N.J. Local Rule, the "service of the subpoena was sufficient" and no motion or order was required. *In re Subpoena Duces Tecum*, 461 B.R. at 830. Movant erroneously takes this to mean that no Rule 2004 motion or order is required before issuing a subpoena in the main case, even in the absence of a similar local rule.

The N.J. Local Rule allows for a Rule 2004 examination or production of documents to be initiated by the service of the subpoena rather than a motion.[7] In essence, the N.J. Local Rule allows a party in interest to invoke the authority of Rule

---

[6] The current text of D.N.J. LBR 2004-1(b) provides that "An attorney for a party in interest seeking to compel an examination or production of documents under Bankruptcy Rule 2004 may serve national Director's Form 2540 Subpoena for Rule 2004 Examination; a motion is not required. A self-represented party seeking to compel an examination or production of documents must file an application for an order compelling discovery."

[7] The validity of D.N.J. LBR 2004-1 is not before the Court.

11

2004 without filing a motion. However, it does not eliminate the requirement that Rule 2004 be invoked before a subpoena can issue. Unlike New Jersey, this jurisdiction does not have a local rule that allows a party in interest to invoke Rule 2004 without filing a motion and obtaining an order. For that reason, *In re Subpoena Duces Tecum* is distinguishable from this case.

Finally, Movant asserts that the Court's ruling is contrary to public policy, as it will hamper the United States trustee and case trustees in their ability to investigate estate property and the debtor's financial circumstances in an expeditious and cost effective manner. While this issue is not before the Court, when a case trustee wishes to investigate the debtor's property and financial affairs, she is free to start with a simple request to the debtor or a third party to cooperate in turning over the debtor's books and records, as required by the Code and Rules.[8] If the recorded information is not property of the estate, the trustee can request the court order, after notice and a hearing, the holder to turnover "books, documents, records, and papers, relating to the debtor's property or financial affairs" to the trustee. 11 U.S.C. § 542(e). Alternatively, the trustee can simply file a motion for a Rule 2004 examination and, in most cases, obtain an order within a number of days authorizing the examination of the debtor and other entities, including the production of documents. The Court sees no great prejudice that will result from following this established practice. Rather, requiring a motion for Rule 2004 examination provides a relatively expeditious process, while still allowing for sufficient oversight by the Court as to discovery when litigation has not yet been

---

[8] *See* 11 U.S.C. § 521(a)(3); § 521(a)(4); § 542(a); Fed. R. Bankr. P. 4002(a).

commenced.

## Conclusion

For the reasons stated above, the Court concludes that Movant has presented no new arguments or evidence to demonstrate that the Court's decision to quash the Sixteen Subpoenas was the result of manifest error.   Accordingly,

**IT IS ORDERED** that Movant's Motion for Reconsideration of Order Quashing Subpoenas be, and hereby is, **DENIED**.

## END OF DOCUMENT