**IT IS ORDERED as set forth below:**

**Date: August 16, 2019**



_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RAJESH C. PATEL, | ) | CASE NO. 16-65074-LRC |
| | ) | |
| Debtor | )_____ | |
| | ) | |
| RAJESH C. PATEL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| MUKESH PATEL, RISHI PATEL, and | ) | |
| and HASMITA PATEL, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Before the Court is Respondents' Motion for Summary Judgment (the "SJ Motion") (Doc. 212) with regard to Debtor's Motion to Enforce Stay and Award of Mandatory Sanctions (the "Motion to Enforce Stay"). (Doc. 135).

1

**I.  BACKGROUND**

This case involves a dispute over the ownership of several businesses and real property that has been ongoing since 2013.  On one side are Debtor Rajesh C. Patel, his wife Shama, and their children Jay, Sonial, and Mayur (the "Shama Parties).  (Doc. 212, at 2).  On the other side are Respondents Mukesh C. "Mike" Patel, Debtor's brother, Mike's wife Hasmita M. Patel, and their children Rishi Patel and Ayesha Patel (the "Hasmita Parties").  (Doc. 135, at 2).  On February 9, 2016, the parties entered into the First Amendment to Release and Settlement Agreement to resolve their disputes through arbitration (the "Original Agreement").  (Respondents' Statement of Undisputed Facts ("SUMF"), ¶ 2).  However, no action was taken on the Original Agreement, and on August 30, 2016 (the "Petition Date"), Debtor filed Chapter 7 bankruptcy.  (Doc. 1).

Meanwhile, on September 21, 2016, Jay Patel filed a civil action in Gwinnett County Superior Court (the "Gwinnett Action") against Respondent Rishi Patel.  (SUMF, ¶ 3).  By January 2017, the Hasmita and Shama parties' attorneys agreed to incorporate the Gwinnett Action and all other disputes into an amended arbitration agreement (the "Amended Agreement") and selected Henry D. Fellows, Jr., (the "Arbitrator") to serve as arbitrator.  (*Id., ¶*4).

With Debtor's bankruptcy pending, on March 24, 2017, Respondents' attorney, Michael Boutros, sent electronic correspondence to the Arbitrator explaining that "the law permits the arbitration to move forward as to the other parties, and the bankruptcy only acts as a stay to [Debtor]."  (Boutros Email, Doc. 212, at 121).  Despite Mr. Boutros' clarification, Debtor was included in the Amended Agreement, which was signed by the

2

parties, including Debtor, on June 12, 2017. (Amended Agreement, Doc. 212, Exh. B, at 25-26). The Amended Agreement instructed the parties to provide a list of issues to be decided by the Arbitrator and that those lists "will encompass all claims the parties have against each other." (*Id.* at 22-26).

Ultimately, the Arbitrator found in favor of Respondents and on, August 1, 2017, the Arbitrator entered an award that included damages against Debtor and the other Shama Parties jointly and severally (the "Award"). (Motion to Enforce Stay, ¶ 15; SUMF, ¶ 6). On August 25, 2017, Debtor filed the Motion to Enforce Stay, asserting that the Award violated the automatic stay and seeking to vacate the Award in its entirety and recover attorneys' fees and costs.[1]

On October 31, 2017, after filing the Motion to Enforce Stay, Debtor, along with other members of the Shama Parties, filed a petition to vacate the Award in the DeKalb County Superior Court (the "Superior Court"). (Superior Court Petition, Doc. 212, Exh. C, at 28). Among the grounds for vacating the Award, Debtor again raised his claim that the Award violated the automatic stay. (*Id.* at 39). Respondents asked the Superior Court to confirm the Award and insisted that, because the award excluded Debtor from any

---

[1] The Court recognizes that the Motion to Enforce Stay has been pending for almost two years. Although a hearing on the Motion to Enforce Stay was originally scheduled for November 7, 2017, Debtor's attorney repeatedly rescheduled, utilizing the self-calendaring option on the Court's CM/ECF system, so that the hearing was not held until March 8, 2018. At that time, the parties appeared and announced a consent agreement to postpone for further discovery prior to an evidentiary hearing. Additionally, Debtor's attorney withdrew as counsel of record in this case on June 26, 2018, and new counsel did not appear until September 13, 2018. (Docs. 182, 190). On September 9, 2018, Respondents filed a Motion for Order to Show Cause Why Debtor's Motion to Enforce Stay Should Not be Dismissed for Want of Prosecution (the "Show Cause Motion"). (Docs. 188). In the Show Cause Motion, Respondents explain that they made numerous attempts to get Debtor to schedule a hearing on the Motion to Enforce Stay. Debtor's new counsel had filed responses to the SJ Motion and appeared to be pursuing the Motion to Enforce Stay at a reasonable pace. Therefore, at the hearing held on October 3, 2018, the Court declined to grant the motion to dismiss and directed the parties to submit a scheduling order for additional discovery, the filing of dispositive motions, and an evidentiary hearing, which was entered on November 11, 2018. (Doc. 203).

affirmative relief, the Award was not a violation of the automatic stay. (Superior Court Response, Doc. 212, Exh. D, at 93-94). On October 1, 2018, after hearing the parties' oral argument, the Superior Court entered a two-page order denying Debtor and the Shama Parties' petition to vacate and confirming the Award (the "Superior Court Order"). (Superior Court Order, Doc. 212, Exh. F, at 143-44).

On December 21, 2018, Respondents filed the SJ Motion. Respondents insist that, because the Superior Court already decided that the Award did not violate the automatic stay, Debtor is estopped from claiming otherwise. For the following reasons, the SJ Motion must be denied.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56, made applicable to this proceeding by operation of Federal Rule of Bankruptcy Procedure 7056, the Court will grant summary judgment only if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Hairston v. Gainesville Sun Publ'shg Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993). A fact is material if it might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party has the burden of establishing the right of summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir. 1982).

To determine whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). The moving party must identify those evidentiary materials listed in Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also* FED. R. CIV. P. 56(e).

Respondents argue that the principles of res judicata and the *Rooker-Feldman* doctrine preclude Debtor from challenging the validity of the Superior Court Order that confirmed the Award. Under the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in the United States Supreme Court." *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) (internal quotes omitted). The *Rooker-Feldman* doctrine embraces the principle that state courts are not inferior to federal courts and therefore "a state trial court's interpretation of federal law is no less authoritative than that of the federal court of appeals in whose circuit the trial court is located." *Id.* at 467 (internal quotes omitted). Federal courts may not indulge a request for relief that would effectively reverse a state court decision. *Bank of N. Ga. v. Vanbrocklin (In re Vanbrocklin)*, 2016 WL 3135786, at *2 (Bankr. N.D. Ga. May 16, 2016). Res judicata is a similar concept and prevents a party from litigating a claim if (1) a court of competent jurisdiction rendered a prior decision; (2) that decision was a final judgment on the merits; and (3) the new case involves the same parties and the same cause of action. *See* O.C.G.A. § 9–12–40. Under either doctrine, a state court's ruling is only preclusive if the judgment is valid. *Gruntz v.*

5

*County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1084 (9th Cir. 2000) (finding that *Rooker-Feldman* doctrine did not preclude review of state court order that was itself void); *Southwest Airlines Co. v. Tidewater Finance Co. (In re Cole)*, 552 B.R. 903, 908 (Bankr. N.D. Ga. 2016) (same); *Pope v. Wagner (In re Pope)*, 209 B.R. 1015, 1019-20 (Bankr. N.D. Ga. 1997) (recognizing that principles of res judicata do not preclude relitigation when the previous judgment was void).

Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as an automatic stay which serves to protect the debtor and safeguard the property of the estate. Acts taken in violation of the automatic stay are void and of no effect. *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 675 (11th Cir. 1984). A nonbankruptcy court's determination regarding the applicability of the automatic stay is valid, and therefore preclusive, only if the order itself is not a violation of the automatic stay. *Pope,* 209 B.R. at 1019-20; *Wash. Mut., Inc. v. F.D.I.C.*, 2010 WL 8741981, at *3 (D.D.C. Jan. 7, 2010) ("[T]he Bankruptcy Code's automatic stay functions as a quasi-jurisdictional statute that precludes proceedings, without leave of the bankruptcy court, in nonbankruptcy courts that otherwise have concurrent jurisdiction.") (internal quotation omitted). Resolving the SJ Motion is therefore a bit of a "catch-22": The Superior Court's determination that the Award does not violate the automatic stay is only preclusive by operation of res judicata or *Rooker-Feldman* if that determination was not itself a violation of the automatic stay. Accordingly, the dispositive issue for the SJ Motion is whether the Superior Court violated the automatic stay by confirming the Award.

> Under 11 U.S.C. § 362(a)(1), the automatic stay halts the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

This language is construed broadly enough to include arbitration proceedings. *See ACandS, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 259 (3d Cir. 2006) ("[T]he automatic stay provision of the Bankruptcy Code promotes a public policy sufficient to preclude enforcement of an award that violates its terms or interferes with its purposes."); *Savers Fed. Sav. & Loan Assoc. v. McCarthy Constr. Co. (In re Knightsbridge Devel. Co.)*, 884 F.2d 145, 148 (4th Cir. 1989). However, absent unusual circumstances, § 362(a)(1) only protects the debtor. *See, e.g., Donarumo v. Furlong (In re Furlong)*, 660 F.3d 81, 89-90 (1st Cir. 2011) (finding that the individual debtor's stay does not "extend to the assets of a corporation in which the debtor has an interest, even if the interest is 100% of the corporate stock"); *Powers v. Texaco, Inc.*, 22 F.3d 1094 (5th Cir. 1994); *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993); *In re Mohr*, 538 B.R. 882, 888 (Bankr. S.D. Ga. 2015).

Respondents claim that the Superior Court Order was not a violation of the automatic stay because the Award it confirmed was not directed at Debtor. The only support for Respondents' contention is an email from Mr. Boutros to the Arbitrator explaining that "the law permits the arbitration to move forward as to the other parties, and the bankruptcy only acts as a stay to [Debtor]." (Boutros Email, Doc. 212, at 121).

As a preliminary matter, Mr. Boutros' email was sent almost six months before the parties entered into the Amended Agreement. Under Georgia law, "[w]here parties have

reduced to writing a complete and certain agreement . . . parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary a written contract." *Rome Healthcare LLC v. Peach Healthcare Sys., Inc.*, 590 S.E.2d 235, 240 (Ga. Ct. App. 2003) (citing O.C.G.A. § 13-2-2(1)); *Baker v. Jellibeans, Inc.*, 314 S.E.2d 458, 459 (Ga. 1984). Whatever understanding the parties had at the time Mr. Boutros contacted the Arbitrator, the Amended Agreement specifically identified Debtor as one of the parties subject to arbitration and gave the Arbitrator authority to enter an award against Debtor. (Amended Agreement, Doc. 212, Exh. B, at 23).

Additionally, true to the language of the Amended Agreement, nothing in the Award suggests that Debtor was shielded from the damages entered against the other Shama Parties. On the contrary, the Award provides further support that the Award was entered against Debtor. In one passage, the Arbitrator explained that Respondents believed that there were too many issues that needed to be resolved to separate the Shama parties. (*Id.* at 5). Thus, the plain language of the Award further supports the conclusion that the Award was entered against Debtor.

Although Debtor was not specifically targeted, Respondents failed to ensure that Debtor was excluded from the Award. Because the arbitration was a judicial proceeding against Debtor to collect a prepetition debt and was commenced after Debtor filed bankruptcy, the Award was a violation of the automatic stay. Therefore, the Superior Court

8

Order, which confirmed the Award, was also entered in violation of the automatic stay and is void as to Debtor.[2]

### III. CONCLUSION

The Superior Court's order confirming the Award was entered in violation of the automatic stay. Thus, the Superior Court's determination that the Award was not a violation of the automatic stay is void at to Debtor and has no preclusive effect on these proceedings. Accordingly,

**IT IS HEREBY ORDERED THAT** Respondents' Motion for Summary Judgment is **DENIED**;

**IT IS FURTHER ORDERED THAT**, within thirty (30) days after entry of this Order, Debtor's counsel shall confer with Respondents' counsel to address any remaining discovery issues necessary, shall request a date for an evidentiary hearing, and shall submit a joint scheduling order for the completion of discovery and an evidentiary hearing on Debtor's Motion to Enforce Stay.

**[END OF DOCUMENT]**

---

[2] That is not to say that the judgment is void as to the other Shama parties. *See Credit Alliance Corp. v. Williams*, 851 F.2d 119 (4th Cir. 1988) (finding that while the default judgment was void as to the debtor, the judgment could still be enforced against the debtor's guarantors even if those guarantors would then have a claim for contribution against the debtor). Because the SJ Motion is limited to the preclusive effect of the Superior Court Order, the Court refrains from considering that issue.

**DISTRIBUTION LIST**

Howard P. Slomka
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339

Rajesh C Patel
2253 Gradyridge Trail
Duluth, GA 30097

Neil C. Gordon
Arnall, Golden & Gregory, LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

Rishi Patel
3754 Lavista Road
Suite 250
Tucker, GA 30084

Mukesh Patel
2860 Cravey Drive
Atlanta, GA 30345

Hasmita Patel
3754 Lavista Road
Suite 250
Atlanta, GA 30084

Michael D. Robl
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Case 16-65074-lrc    Doc 236    Filed 08/19/19    Entered 08/19/19 11:34:04    Desc Main
Document      Page 11 of 11