**IT IS ORDERED as set forth below:**

**Date: September 16, 2020**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| | : | |
| RAJESH C. PATEL, | : | 16-65074 -LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

### O R D E R

Before the Court is the Motion in Limine Regarding Hearing on Debtor's Motion to Enforce Stay (Doc. 262) (the "Motion in Limine"), filed by Hasmita Patel, Mukesh Patel, and Rishi Patel (the "HP"). The Motion in Limine arises in connection with a Motion to Enforce the Automatic Stay (Doc. 135) (the "Motion to Enforce Stay"), filed by Rajesh C. Patel (the "Debtor") against the HP. Debtor opposes the Motion in Limine (Doc. 272).

### PROCEDURAL HISTORY AND BACKGROUND

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August

30, 2016 (the "Petition Date"). Prior to the Petition Date, Debtor was involved in a series of disputes between Debtor's immediate and extended family that included the Shama Parties (the "SP"), comprised of Debtor, Jay R. Patel, Sonial R. Patel, Mayur R. Patel, Monica Patel, and Shama R. Patel, and the HP. The SP and the HP entered into a Release and Settlement Agreement (the "Release and Settlement") to resolve the pending disputes between them. The Release and Settlement provided that disputes under it were to be arbitrated by Hank Fellows (the "Arbitrator") under arbitration rules adopted by the Arbitrator and that the order of the Arbitrator would be final and binding on the parties and enforceable by court order. The SP were represented by attorney Buddy Parker.

On August 25, 2017, Debtor filed the Motion to Enforce Stay (Doc 135). In connection therewith, Debtor filed a motion to file under seal an arbitration award dated August 1, 2017 (the "Award") and an agreement for arbitration services, dated June 10, 2017 (the "Agreement"). In the Motion to Enforce Stay, Debtor asserted that the entry of the Award violated the automatic stay provided by § 362(a) of the Bankruptcy Code.[1]

Specifically, Debtor claimed that he was named as a party to the Arbitration and was expected to participate to assert his claims and also to defend himself, despite the bankruptcy case; the HP and the Arbitrator refused to remove Debtor from the Arbitration and wanted all issues to come before the Arbitrator; and when Debtor objected to participating and paying a $25,000 retainer to the Arbitrator, the HP proceeded in disregard

---

[1] Unless otherwise noted, all § references are to title 11 of the United States Code.

of Debtor's objections and implied that Debtor was potentially exposed to a default judgment absent compliance and payment in accordance with the terms dictated by Arbitrator. Debtor further contended that the HP signed the original Agreement and paid the $25,000 retainer in February 2017, and in March 2017, Parker informed counsel for the HP that Debtor still objected and that the SP had not signed the agreement or deposited a retainer. This prompted a conference call on March 28, 2017, on which the Arbitrator confirmed that he had the authority to proceed and scheduled the Arbitration hearing over Debtor's objection.

The hearing took place on June 13, 2017 (the "Arbitration Hearing"). During the Arbitration Hearing, the SP asserted that computers of Debtor and/or his family member were surreptitiously invaded (*i.e*., hacked) and documents stolen and used by the HP as part of their evidentiary presentation. The Arbitrator issued the Award in the amount of $2,023,810.11 against the SP, and the Award specifically rejected the computer hacking claims raised by the SP. The Award stated that no future lawsuits could be brought regarding "[a]ny claim relating to computer hacking or improper use of email, texts, or other electronically communicated information." Award, p. 19. It also states that, "[b]ased on the evidentiary record, the pre-trial and post-trial submissions by both parties, and the arguments of counsel, the Arbitrator denies any and all claims asserted by" the SP. Award, p. 115; *see also* Award, p. 178. The Award was later confirmed by the DeKalb County Superior Court (the "Confirmation Order").

3

Subsequently, Debtor's son, Jay Patel, filed a *pro se* action in DeKalb County Superior Court (the "DeKalb Action") against Rishi and Mike Patel. In the DeKalb Action, Jay Patel asserted claims of computer theft under O.C.G.A. § 16-9-93(a), computer trespass under O.C.G.A. § 16-9-93(b), and computer invasion of privacy under O.C.G.A. § 16-9-93(c). The DeKalb Action was eventually dismissed on the basis that the Award, which resolved the claims, had preclusive effect (the "DeKalb Action Dismissal Order"). The DeKalb Action Dismissal Order was later upheld on appeal.

As noted above, in the Motion to Enforce Stay, Debtor asserted that the entry of the Award violated the automatic stay provided by 11 U.S.C. § 362(a) and was void in its entirety. The HP opposed the Motion to Enforce, arguing that: (1) the Arbitration did not involve any claims against Debtor individually or any property of Debtor's estate; (2) the automatic stay did not apply to protect the nondebtor SP; (3) the Motion to Enforce falsely claimed that Debtor and the other SP objected to participating in the Arbitration, as at no time did any of the SP object to the proceeding and the SP "explicitly wanted to arbitrate and presented a multitude of claims for which they sought relief"; and (4) the Arbitration did not violate the automatic stay as to Debtor because the Award did not reference any property that Debtor claimed an ownership in as part of the bankruptcy case.

The Court held a preliminary hearing on the Motion to Enforce on March 8, 2018, at which time the parties agreed to continue the hearing to conduct discovery. On September 9, 2018, the HP filed a motion to dismiss the Motion to Enforce for want of

4

prosecution, which after a hearing on October 3, 2018, the Court denied. On December 21, 2018, the HP filed a motion for summary judgment, asserting that the *Rooker-Feldman* doctrine and res judicata precluded the Court from redetermining the issue of whether the entry and confirmation of the Award violated the automatic stay. (Doc. 212). On August 19, 2019, the Court denied the motion for summary judgment, finding that under either doctrine, a state court's ruling is only preclusive if the judgment is valid and, in this case, the order confirming the Award was void. (Doc. 236) (the "SJ Order"). In arriving at this conclusion, the Court noted that the Agreement specifically identified Debtor as one of the parties subject to the Arbitration and gave the Arbitrator authority to enter an award against Debtor. Further, nothing in the language of the Award shielded Debtor from liability for the damages awarded against the SP. At the conclusion of the order denying the HP summary judgment, the Court directed the parties to confer regarding any remaining discovery issues necessary, request a date for an evidentiary hearing, and submit a joint scheduling order for the completion of discovery and an evidentiary hearing on the Motion to Enforce Stay.

On January 10, 2020, HP filed a pre-hearing brief, in which they outlined the facts to be determined and the legal issues as : (1) Whether any respondent committed a "willful" violation of the bankruptcy stay; (2) Whether the automatic stay should be retroactively annulled "for cause" based on all of the facts and circumstances and as an appropriate remedy for Debtor's wrongful conduct; and (3) Whether Debtor suffered any

5

cognizable damages from any stay violation.

In response, Debtor asserted that the Court, in the SJ Order, has already determined that a stay violation has occurred, leaving the legal issues to be determined as whether Debtor incurred actual damages as a result of that violation and whether Debtor may recover punitive damages.  As to the relevant factual questions, Debtor submitted (1) Whether computers of Debtor and/or his family member were surreptitiously invaded (*i.e.*, hacked) and documents stolen; (2) Whether the HP used stolen documents as part of their evidentiary presentation in the arbitration hearing; and (3) Whether the use of stolen documents amounts to "appropriate circumstances" that would warrant an award of punitive damages.

Immediately prior to the evidentiary hearing, the HP filed the Motion in Limine, seeking to exclude evidence of the alleged computer hacking, including electronic mail messages and the testimony of an expert witness.  The Motion in Limine also sought to exclude evidence that Debtor owes attorney's fees to various law firms.   In the Motion in Limine and in their brief and reply, the HP argue that the evidence is inadmissible due to its lack of relevance to the issue of whether there was a violation of the automatic stay and should be excluded because another court of competent jurisdiction previously considered and rejected Debtor's claims of computer hacking.  The Court heard limited argument on the Motion in Limine at the hearing on the Motion to Enforce held on January 31, 2020. At the conclusion of the hearing, the parties agreed to submit briefs on whether any claims

under § 362(k) that are based on the alleged computer hacking are barred by res judicata or collateral estoppel.

Debtor asserts that the evidence of hacking is relevant to the issue of whether Debtor is entitled to punitive damages and that res judicata does not apply because Debtor was not a party to the prior litigation of the claims of computer hacking; there has been no final order entered on the claims; and Debtor's claim for punitive damages was not and could not have been decided in any other litigation because this Court has exclusive jurisdiction over claims arising under § 362(k). As to the question of whether a final order has been entered, Debtor notes that the Confirmation Order was remanded to the DeKalb Superior Court by the Georgia Court of Appeals on October 21, 2019, and no further actions have been taken with regard to the validity of the Award.

The purpose of a motion in limine is "to admit, exclude, or limit the evidence presented to the trier of fact," and "where the trial judge is the trier of fact essentially asks the court to pass on the admissibilty of evidence before the evidence has been tendered in the context of the trial." *In re Herzfeld*, 2007 WL 7143395, at *1 (Bankr. N.D. Ga. Dec. 17, 2007) (Diehl, J.). "Many courts have agreed that motions in limine should only be granted sparingly, noting that the 'better practice is to deal with questions of admissibiity of the evidence as they arise.'" *Id*. (quoting *Sperberg v. Goodyear Tire & Rubber Co*., 519 F.2d 708, 712 (6th Cir.1975)).

Rule 9017 the Federal Rules of Bankruptcy Procedure makes the Federal Rules of

7

Evidence applicable to bankruptcy cases, including this contested matter. Fed. R. Bankr. P. 9017. Under Rule 402, relevant evidence is generally admissible, and under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401, 402.

Debtor seeks to establish an entitlement to punitive damages against the HP arising from their violation of the automatic stay. The stay violation asserted is the continuation of the Arbitration, which resulted in the entry of the Award. Under § 362(k), an "individual injured by any willful violation of a stay provided [by § 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

Debtor argues that the evidence regarding computer hacking is relevant to the question of punitive damages. Presumably, Debtor's theory is that the fact that the HP cheated to obtain the Award would support the Court's finding that punitive damages are warranted. *See In re Thomason*, 493 B.R. 890, 903 (Bankr. N.D. Ga. 2013) (stating that an award of punitive damages requires clear and convincing evidence of actions that are "so egregious in nature that they display a callous defiance of federal law or betray a malicious intent to cause harm"); *In re Parker*, 634 F. App'x 770, 773 (11th Cir. 2015) (affirming award of punitive damages against creditor that "acted with reckless disregard of the automatic stay by using nonattorney staff to prosecute small claims actions for the

admitted purpose of lessening its legal costs" and "was indifferent to [debtor's] rights to have 'a breathing spell from his creditors,' to escape 'all collection efforts[ and] all harassment'"); *In re Roche*, 361 B.R. 615, 624 (Bankr. N.D. Ga. 2005) ("In determining whether circumstances exist for an award of punitive damages under § 362(h), Courts rely on a variation of the following factors: (1) the nature of the defendant's conduct; (2) the nature and extent of the harm to the plaintiff; (3) the defendant's ability to pay; (4) the motives of the defendant; and (5) any provocation by the debtor.").

The HP submit that the evidence of computer hacking should be excluded because the Court is precluded by both the Award and the DeKalb Action Dismissal Order from finding that the hacking occurred. Specifically, the HP assert that res judicata or collateral estoppel apply because the Arbitrator considered and rejected Jay Patel's claim of computer hacking during the arbitration and the court in the DeKalb Action found that the claims were precluded by the Award. Debtor responds that the Award cannot be res judicata as to his claim for punitive damages under § 362(k) because the Award is void, due to the violation of the automatic stay, and because Debtor was not a party to the litigation in which the DeKalb Action Dismissal Order was entered. The HP counter that Debtor was in privity with Jay Patel, such that the factual findings in the DeKalb Action Dismissal Order are binding on Debtor.

The Court agrees with Debtor that, assuming the Court does not annul the automatic stay, the Award is void to the extent that it imposed any liability on Debtor or extinguished

9

any claim that Debtor's bankruptcy estate held. *See* 11 U.S.C. § 362(a)(1) (staying the commencement or continuation of a judicial action or proceeding against the debtor that was or could have been commenced prepetition or to recover a prepetition claim against the debtor); § 362(a)(3) (staying any act to exercise control over property of the bankruptcy estate). However, the Award was valid to the extent it dismissed the claims of Jay Patel, a non-debtor. Even if the claims belonged to Debtor himself, or their resolution extinguished Debtor's claim for punitive damages for violation of the automatic stay, any such claims arose post-petition, and post-petition property of a debtor is not property of the estate protected by § 362(a)(3). Further, the Arbitrator's adjudication of these claims did not violate § 362(a)(1), as the pursuit of such claims was not the continuation of a judicial proceeding *against* Debtor, but rather *by* Jay Patel and Debtor. Accordingly, the Award was not void as to any action the Arbitrator took with regard to the computer hacking claims. That is not to say, however, that it or the DeKalb Action Dismissal Order have preclusive effect as to Debtor's claim for punitive damages.

The HP argue that the Award and the DeKalb Action Dismissal Order bar relitigation of the question of whether computer hacking occurred under either the doctrine of res judicata (claim preclusion) or collateral estoppel (issue preclusion). Under either preclusion doctrine, a court analyzes whether a given judgment has preclusive effect under the law of the jurisdiction that rendered the judgment. *See Ames v. J.P. Morgan Chase Bank, N.A.,* 623 F. App'x 983, 986 (11th Cir. 2015)*; see also In re Vanbrocklin,* 2016 WL

10

3135786, at *3 (Bankr. N.D. Ga. May 16, 2016) (Drake, J.) (res judicata); *In re Steffy*, 494 B.R. 574, 582 (Bankr. N.D. Ga. 2012) (collateral estoppel). Here, Georgia law applies.

As to res judicata, under Georgia law, a "judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." O.C.G.A. § 9–12–40. "In addition, . . . Georgia courts have added the reasonable requirement that the judgment must be final." *Vanbrocklin,* 2016 WL 3135786, at *3 (citing *Bhindi Bros. v. Patel*, 619 S.E.2d 814, 816 (Ga. Ct. App. 2005); *CS–Lakeview At Gwinnett, Inc. v. Retail Dev. Partners*, 602 S.E.2d 140, 142 (Ga. Ct. App. 2004)); *see also Ames v. J.P. Morgan Chase Bank, N.A*., 623 F. App'x 983, 986 (11th Cir. 2015).

The Court need not consider whether the elements of res judicata under Georgia law are met because, as Debtor argues, claim preclusion is inapplicable to a claim for damages arising from a stay violation. *See Halas v. Platek*, 239 B.R. 784, 786 (N.D. Ill. 1999) (holding that a "state court lacked jurisdiction to impose a § 362(h) sanction" and, therefore, res judicata did not prevent the bankruptcy court from imposing such sanctions); *In re Benalcazar*, 283 B.R. 514, 522 (Bankr. N.D. Ill. 2002) ("Although there are not many decisions dealing with the subject, it is generally accepted that only the bankruptcy court has authority to punish parties for violating the automatic stay."); *see also* Christopher Klein, Lawrence Ponoroff, Sarah Borrey, *Principles of Preclusion and Estoppel in*

11

*Bankruptcy Cases*, 79 Am. Bankr. L.J. 839, 876-77 (2005) ("Even though the Full Faith and Credit Statute requires that a state court judgment be accorded the same deference in a federal court as it would be given by courts in the state where the judgment was rendered, there is an exception where the federal claim, or the issue involved, implicates a scheme of federal remedies which contemplates that the federal court may entertain the matter and make an independent determination.").

As to collateral estoppel, "[u]nder Georgia law, the following elements are . . . required to establish a claim of collateral estoppel: 1) There must be an identity of issues between the first and second actions; 2) the duplicated issue must have been actually and necessarily litigated in the prior court proceeding; 3) determination of the issue must have been essential to the prior judgment; and 4) the party to be estopped must have had a full and fair opportunity to litigate in the course of the earlier proceeding." *In re Houser*, 458 B.R. 771, 777 (Bankr. N.D. Ga. 2011); *see also In re Harrell,* 2019 WL 1489541, at *4 (Bankr. N.D. Ga. Mar. 29, 2019). "'Like res judicata, collateral estoppel requires the identity of the parties or their privies in both actions.'" *Houser*, 458 B.R. at 777 (quoting *Wickliffe v. Wickliffe Co., Inc.*, 227 Ga. App. 432, 433, 489 S.E.2d 153 (1997)).[2]

"A judgment used as a basis for applying the doctrine of collateral estoppel must be

---

[2] ". . . Georgia has not adopted the more 'modern' approach of allowing non-mutual defensive collateral estoppel." *Bennett v. Zurich Am. Ins. Co.*, 2013 WL 3048493, at *4 n.1 (S.D. Ga. June 17, 2013) (citing *Wickliffe v. Wickliffe Co., Inc.*, 227 Ga. App. 432, 489 S.E.2d 153, 156 (Ga.Ct.App.1997)).

a final judgment." *Id.* (citing *Greene v. Transport Ins. Co*., 169 Ga. App. 504, 506, 313 S.E.2d 761 (1984)). "Under Georgia law, 'the judgment is not final as long as there is a right to appellate review," and "[f]inal means 'a case in which a judgment has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *Id.* at 778 (quoting *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 658 n. 22, 580 S.E.2d 580 (2003)); *see also In re Credolawson*, 546 B.R. 888, 893 (Bankr. N.D. Ga. 2016) (stating that the "the most recent Georgia cases have supported the conclusion that a judgment is not final 'as long as there is a right to appellate review'"); *Ames v. J.P. Morgan Chase Bank, N.A*., 623 F. App'x 983, 986 (11th Cir. 2015) ("When the district court entered its order, the Ameses still had a right to appeal the state-court judgment, which means that under Georgia law the judgment was not final for purposes of res judicata or collateral estoppel.").

Finally, whether to apply issue preclusion is discretionary. *In re Hooks,* 238 B.R. 880, 884 (Bankr. S.D. Ga. 1999); *In re Whelan,* 236 B.R. 495, 508 (Bankr. N.D. Ga. 1999), modified sub nom. *Sterling Factors, Inc. v. Whelan*, 245 B.R. 698 (N.D. Ga. 2000) ("While the availability of collateral estoppel in a particular case is a question of law, the decision to apply the doctrine is vested in the trial court's discretion."). "A bankruptcy court must evaluate whether applying collateral estoppel furthers both bankruptcy and general judicial policies." *Hooks*, 238 B.R. at 884 (stating that "the court's decision must be consonant with both the policies driving bankruptcy law and the case law of the State of Georgia").

The Court declines to apply collateral estoppel at this time as a basis to exclude evidence. The Award is not final. It was appealed and has been remanded. There is no indication in the record of this Court that the validity of the Award has been finally determined by the DeKalb Superior Court or whether all appeal rights have been exhausted. Even if the Award was final, the Court simply is not satisfied that it can make a determination that the issue of whether computer hacking or improper use of documents occurred was actually litigated, which, it seems is the fact that is relevant to the question of whether such conduct would support a claim for punitive damages. The Award states that the claim was raised and was denied, but the Award does not clarify why. The Court cannot determine from the Award that the Arbitrator made a factual finding that the conduct did not occur, or instead, whether he denied the claim for some other legal reason that would not be relevant to the claim for punitive damages at issue in this case.

Given the fact that the DeKalb Action Dismissal Order dismissed Jay Patel's computer hacking claims solely due to the preclusive effect of the Award, the Court will exercise its discretion to not give the DeKalb Action Dismissal Order preclusive effect at this time for the reasons stated above. At this stage, precluding Debtor from presenting evidence that is relevant to his claim for punitive damages for violations of the automatic stay is contrary to and would not further the important federal bankruptcy purpose served by the automatic stay and this Court's authority to ensure it's enforcement.

The Court also finds no basis to exclude in advance any evidence Debtor may

14

choose to tender regarding attorney's fees incurred for the purpose of dealing with the Arbitration and the Motion to Enforce. The Court reserves ruling on any objections to the admissibility of evidence regarding attorney's fees and any objections to any evidence for reasons not raised in the Motion in Limine and addressed herein. Therefore,

IT IS ORDERED that the Motion in Limine is DENIED;

IT IS FURTHER ORDERED that, on or before October 16, 2020, the parties shall confer and file a joint status report advising the Court as to whether additional discovery time will be needed before another evidentiary hearing can be held;

IT IS FURTHER ORDERD that, if additional discovery is not required, because the current COVID-19 pandemic prevents the Court from holding in-person hearings, counsel for Debtor and the HP shall advise the Court as to whether the parties would agree to hold the continued evidentiary hearing *via* Webex or would rather continue the matter until such time as the Court can hold an in-person hearing.

## END OF DOCUMENT

**Distribution List**

Rajesh C. Patel
2253 Gradyridge Trail
Duluth, GA 30097

Frank B. Wilensky
Macey, Wilensky & Hennings, LLP
Suite 435
5500 Interstate Parkway North
Atlanta, GA 30328

Neil C. Gordon
Arnall, Golden & Gregory, LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

William D. Matthews
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

Michael D. Robl
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084

16